IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CIVIL ACTION NO.: 4:14-cv-946-RBH |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| $328,030 IN UNITED STATES CURRENCY, | ) |
| | ) |
| | ) |
| Defendant *in Rem* | ) |

CONSENT ORDER OF FORFEITURE

This *in rem* forfeiture action was filed on September 25, 2014, concerning $328,030 in United States currency (the "Defendant Currency") seized on or about October 21, 2013 by the Dillon Police Department and the United States Drug Enforcement Administration ("DEA") for forfeiture.

The Government served the known potential claimant, Modesto Jose Fermin ("Claimant"), by providing him with actual notice, as set forth in the Notice of Judicial Forfeiture filed with the court on March 21, 2014 (Docket Entry 6).  As set forth in the Declaration of Publication filed with the court on June 5, 2014 (Docket Entry 12), and in accordance with Supplemental Rule G(4), Fed.R.Civ.P., notice of this forfeiture action was published on an official internet government forfeiture site, "www.forfeiture.gov", for at least 30 consecutive days, beginning on March 21, 2014, and ending on April 19, 2014.  Any person claiming an interest in the Defendant Currency was required to file a claim within sixty days after the first date of such publication (by

May 20, 2014). All time limits for the filing of claims have now expired, with no requests for extensions of such time limits having been requested or granted.

The United States and Modesto Jose Fermin have reached the following settlement. First, $150,000 of the Defendant Currency is to be returned to Modesto Jose Fermin by the issuance an electronic funds transfer payment in that amount from United States to a trust account held in the name of Greenberg, Stone & Urbano, P.A., counsel for the Claimant.[1] Second, the balance of the Defendant Currency, to wit, $178,030, is to be found and held forfeited, condemned, quit-claimed and abandoned to the United States, and shall be disposed of by the United States pursuant to law as a forfeited asset.

NOW THEREFORE, the Court being fully advised, and based on the Stipulation for Compromise Settlement, which is incorporated herein by reference, it is

ORDERED, ADJUDGED, AND DECREED, that:

---

[1] Federal law, codified at 31 U.S.C. § 3716 (the "Debt Collection Improvement Act of 1996"), requires the Department of the Treasury and other disbursing officials to offset Federal payments to collect delinquent tax and non-tax debts owed to the United States, and to individual states. If an offset is made to the payment to be made pursuant to this Order of the Court, Claimants will receive a notification from the Department of the Treasury at the last address provided by Claimants to the governmental agency or entity to whom the offset payment is made. The terms of the settlement specifically do not affect the tax obligations fines, penalties, or any other monetary obligations the Claimants owe to the United States or an individual state, and in fact, are intended to satisfy such a tax obligations. Therefore, the exact sum delivered to Counsel, on behalf of his clients, may well be a lesser sum, if the Treasury Offset Program reduces the amount in satisfaction of a debt obligation.

1.      All persons and entities other than Modesto Jose Fermin claiming any right, title or interest in or to the Defendant Currency are hereby held in default; and default judgment is entered against them.

2.      Subject to reduction by any offset through the Treasury Offset Program, the United States Marshals Service shall return $150,000 of the Defendant Currency to Modesto Jose Fermin by electronic funds transfer payment from the United States to a trust account held in the name of Greenberg, Stone & Urbano, P.A, counsel for the Claimant.

3.      The parties shall each bear their own costs and expenses.

4.      Pursuant to 18 U.S.C. §§ 981(a)(1)(A), 981(a)(1)(C), and 21 U.S.C. § 881(a)(6), the balance of the Defendant Currency, to wit, $178,030, is hereby forfeited, condemned, quit-claimed and abandoned to the United States of America.

5.      Clear title in and to the aforesaid $178,030 of the Defendant Currency is hereby vested in the United States of America, and no other right, title or interest exists therein.  All other claims in or to said $178,030 of the Defendant Currency are hereby forever foreclosed and barred.

6.      The $178,030 of the Defendant Currency forfeited herein shall be disposed of by the Government in accordance with law.

SO ORDERED this  9th day of November, 2015.

November 9, 2015                                         s/ R. Bryan Harwell
Florence, South Carolina                              R. Bryan Harwell
                                                                   United States District Judge